Thomas C. Jardim, Esq.
**JARDIM, MEISNER & SUSSER, PC**
30B Vreeland Road, Suite 201
Florham Park, New Jersey 07932
(973) 845-7640
tom@jmslawyers.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE CHANSKY, <br><br> *Plaintiffs,* <br><br> v. <br><br> CALMARE THERAPEUTICS, INC., and CONRAD F. MIR, <br><br> *Defendants.* | Docket No. <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff CHRISTINE CHANSKY ("Plaintiff"), by and through undersigned counsel, and by way of this Complaint against CALMARE THERAPEUTICS, INC. and CONRAD F. MIR (collectively, "Defendants"), allege as follows:

### PRELIMINARY STATEMENT

This is an action against the Defendants for violating the Dodd-Frank Wall Street Reform and Consumer Protection Act, the United States Fair Labor Standards Act, the New Jersey Wage and Hour Laws, the New Jersey Conscientious Employee

1

Protection Act. Plaintiff also alleges breach of contract and breach of good faith and fair dealing.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction of this action by pursuant 28 U.S.C. § 1331 because Plaintiff is asserting claims under two federal statutes, namely the U.S. Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. 111-203 and the U.S. Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

2. This Court has supplemental jurisdiction of this action pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in this district.

## THE PARTIES

4. Plaintiff Christine Chansky is an individual residing in Westfield, New Jersey. She is an employee of Calmare Therapeutics, Inc.

5. Defendant Calmare Therapeutics, Inc. is located in 1375 Kings Highway East, Fairfield, Connecticut, 06824.

6. Defendant Calamare Therapeutics, Inc. is a public company that offers stock to employees and the public, and is regulated by the United States Securities Exchange Commission. The stock ticker symbol is QTCQB: CTTC.

7. Defendant Conrad F. Mir is the Chief Executive Officer of Calmare Therapeutics, Inc.

## FACTUAL ALLEGATIONS

8. On or about January 15, 2016, Defendant Calmare Therapeutics, Inc. and Plaintiff executed an employment contract.

9. Pursuant to that employment contract, Plaintiff was hired to work as Calmare Therapeutics, Inc.'s Vice President and Chief Regulatory Officer.

10. Plaintiff's employment with Defendant Calmare Therapeutics, Inc. was for a term of 18 months.

11. The employment contract stipulated that Plaintiff's base salary was $185,000 per year.

12. The employment contract stipulated that Plaintiff would be entitled to receive a severance pay of 4 months of Plaintiff's base salary after a year of employment.

13. The employment contract also stipulated that Plaintiff would be entitled to receive a bonus equal to 40% of Plaintiff's base salary after the close of the calendar year.

14. During her employment, Plaintiff worked from her home office in New Jersey.

15. Beginning in or around October 2016, Defendant Calmare Therapeutics, Inc. stopped paying Plaintiff her salary.

3

16. Plaintiff learned that other key employees were not paid their salary either.

17. Plaintiff learned that Defendant Calmare Therapeutics, Inc. was experiencing cash flow and solvency issues.

18. Plaintiff reasonably believed that Defendant Calmare Therapeutics, Inc.'s failure to pay wages to its employees was a violation of wage and hour laws.

19. Plaintiff also learned that Defendant Calmare Therapeutics, Inc. was awarded a contract from the U.S. Government, and this was reported to Calmare Therapeutics, Inc.'s shareholders as a material contract by the Securities Exchange Commission filing on Form 8-K on or about June 26, 2016.

20. Subsequently, Defendant Calmare Therapeutics, Inc. lost the contract with the U.S. Government.

21. After losing the contract with the U.S. Government, Calmare Therapeutics, Inc. was required by the Securities Exchange Commission to report the loss of a material contract on Form 8-K. However, Calmare Therapeutics, Inc. did not do so.

22. Plaintiff reasonably believed that Calmare Therapuetics, Inc. was required by the Securities Exchange Commission to report the loss of a material contract to shareholders by filing Form 8-K.

23. Plainitff reasonably believed that the failure to report the loss of a material contract to shareholder by filing Form 8-K violated U.S. Securities Laws, including the Securities Act.

24. In her capacity as an executive, Plaintiff reported to Defendants Calmare Therapeutics, Inc. and Mir that the U.S. Securities Law required that Defendants disclose these material issues to its shareholders on Form 8-K.

25. After Plaintiff reported her concerns, Defendant Mir ordered Calmare Therapeutics, Inc. personnel to exclude Plaintiff from communications relating to material company issues.

26. On or about November 9, 2016, in advance of a scheduled meeting of the Board of Directors and Shareholders, Plaintiff became aware that at least one member of the Board of Directors was not advised of these material issues.

27. Plaintiff also advised Defendant Mir that he was obligated to disclose to Board members that the Company had not paid base salary to key employees.

28. Plaintiff reasonably believed that Calmare Therapeutics, Inc.'s decision not to disclose to the Board of Directors and shareholders that there were cash flow and solvency issues violated U.S. Securities Law.

29. On or about November 16, 2016, Plaintiff learned that her employment would be suspended without pay effective Monday, November 14, 2016.

30. On December 22, 2016, Defendants terminated Plaintiff's employment.

31. To date, Plaintiff has not been paid her wages.

## FIRST CAUSE OF ACTION

### (Retaliation in violation of Dodd-Frank Section 922)

32. Plaintiff hereby adopts, incorporates, and restates the foregoing paragraphs as if fully set forth herein.

33. Plaintiff reasonably believed that Defendants' conduct in failing to report the loss of a material contract violated Dodd-Frank and U.S. Securities Laws, including the Securities Act.

34. Plaintiff's belief was reasonable because Defendants did not report the material loss on Form 8-K in violation of the Securities Act.

35. Defendants' activities and omissions were intended to defraud investors in violation of Sarbanes-Oxley and U.S. Securities Laws.

36. Plaintiff reported her concerns to Defendants Calmare Therapeutics, Inc. and Mir regarding the failure to disclose the material loss on Form 8-K.

37. Plaintiff acted in good faith based on a reasonable objective and subjective belief.

38. Plaintiff utilized internal reporting procedures including reporting her concerns to Defendant Mir of these violations.

39. Plaintiff is a whistle-blower within the meaning of Section 922 of Dodd-Frank or otherwise is afforded the protection of the anti-retaliation provisions of such section.

40. Plaintiff made protected disclosures of violations of statutes under the purview of the U.S. Securities and Exchange Commission.

41. Plaintiff engaged in "protected conduct" within the meaning of Section 922 of Dodd-Frank.

42. Plaintiff reasonably believed that she was protected from retaliation under federal law, including Dodd-Frank, if she reported her concerns about Defendants' failure to report the material loss on Form 8-K.

43. Plaintiff reasonably believed that if she reported her concerns about Defendants' failure to report the material loss on Form 8-K, she would be protected under federal law, including Dodd-Frank.

44. Dodd-Frank, 15 U.S.C. § 78u-6(h)(1)(A) states in relevant part that an employer may not "discharge, demote, suspend, threaten harass, directly, or indirectly, or in any manner discriminate against, a whistleblower in the terms and conditions of employment."

45. Defendants retaliated against Plaintiff by "suspending" her pay and then terminated her employment in violation of Dodd-Frank, 15 U.S.C. § 78u-6(h)(1).

46. Plaintiff has been harmed by reason of Defendants' unlawful conduct, and she has suffered losses and damages.

## SECOND CAUSE OF ACTION

### (Retaliation in violation of New Jersey Conscientious Employee Protection Act)

47. Plaintiff hereby adopts, incorporates, and restates the foregoing paragraphs as if fully set forth herein.

48. Plaintiff reasonably believed that Defendants were engaging in conduct that violated U.S. Securities Laws, including the Securities Act.

49. Plaintiff reasonably believed that Defendants were engaging in conduct that violated federal and New Jersey wage and hour laws because Defendants did not pay Plaintiff or other key employees their wages.

50. Plaintiff's beliefs were reasonable because Defendants excluded Plaintiffs from communications relating to the payment of wages.

51. Plaintiff's beliefs were reasonable because Defendants did not tell the Board of Directors and the shareholders that neither Plaintiff nor other key employees were being paid.

52. Plaintiff acted in good faith.

53. Defendants retaliated against Plaintiff by suspending her pay and then terminating her employment in violation of the New Jersey Conscientious Employee Protection Act ("CEPA").

54. Plaintiff has been harmed by reason of Defendants' unlawful conduct, and she has suffered losses and damages.

## THIRD CAUSE OF ACTION

### (Failure to pay wages in violation of U.S. Fair Labor Standards Act)

55. Plaintiff hereby adopts, incorporates, and restates the foregoing paragraphs as if fully set forth herein.

56. Federal regulations provide that an employee is paid on a "salary basis" if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. 29 C.F.R. § 541.602(a).

57. Plaintiff has not been paid a predetermined amount on a regular basis for an extended period of time.

58. Plaintiff is an exempt employee within the meaning of 29 C.F.R. § 541.602(a).

59. Defendants have violated the United States Fair Labor Standards Act by failing to pay Plaintiff her wages.

60. Plaintiff has been harmed by reason of Defendants' unlawful conduct, and she has suffered losses and damages.

## FOURTH CAUSE OF ACTION

### (Failure to pay wages in violation of New Jersey Wage and Hour Laws)

61. Plaintiff hereby adopts, incorporates, and restates the foregoing paragraphs as if fully set forth herein.

62. New Jersey Wage and Hour Laws require that employers pay its employees the full amount of wages due to employees at least twice during each calendar month. N.J.S.A. § 34:11-4.2.

63. Since October 2016, Defendants have not paid Plaintiff her wages.

64. Defendants have violated the New Jersey Wage and Hour Laws.

65. Plaintiff has been harmed by reason of Defendants' unlawful conduct, and she has suffered losses and damages.

## FIFTH CAUSE OF ACTION

### (Retaliation in violation of U.S. Fair Labor Standards Act and New Jersey Wage and Hour Law)

66. Plaintiff hereby adopts, incorporates, and restates the foregoing paragraphs as if fully set forth herein.

67. After Plaintiff complained that she was not being paid her wages, Defendants retaliated against Plaintiff by "suspending" her pay and terminating her in violation of the United States Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a24.

68. Plaintiff has been harmed by reason of Defendants' unlawful conduct, and she has suffered losses and damages.

## SIXTH CAUSE OF ACTION

**(Failure to pay salary in breach of contract)**

69. Plaintiff hereby adopts, incorporates, and restates the foregoing paragraphs as if fully set forth herein.

70. Defendant Calmare Therapeutics, Inc. and Plaintiff executed an employment contract that stipulated that Plaintiff's base salary was $185,000 per year.

71. Defendants failed to pay Plaintiff from October 10, 2016 through the date of her termination on December 22, 2016.

72. To date, Defendants still have not paid Plaintiff.

73. Plaintiff has been harmed by reason of Defendants' unlawful conduct, and she has suffered losses and damages.

## SEVENTH CAUSE OF ACTION

**(Acceleration of Termination to Avoid Payment of Severance in Breach of Covenant of Good Faith and Fair Dealing)**

74. Plaintiff hereby adopts, incorporates, and restates the foregoing paragraphs as if fully set forth herein.

75. Defendant Calmare Therapeutics, Inc. and Plaintiff executed an employment contract that stipulated that Plaintiff would receive a severance pay of 4 months applicable after a year of employment.

76. The employment contract specifies that 4 months of severance is equal to 4 months of Plaintiff's base pay ($185,000), or $61,666.67.

77. Defendants accelerated Plaintiff's termination of employment to avoid paying Plaintiff her 4 months of severance pay in accordance with the employment contract.

78. Plaintiff has been harmed by reason of Defendants' unlawful conduct, and she has suffered losses and damages.

## EIGHTH CAUSE OF ACTION

### (Acceleration of Termination to Avoid Payment of Bonus in Breach of Covenant of Good Faith and Fair Dealing)

79. Plaintiff hereby adopts, incorporates, and restates the foregoing paragraphs as if fully set forth herein.

80. Defendant Calmare Therapeutics, Inc. and Plaintiff executed an employment contract that stipulated that Plaintiff would receive a bonus equal to 40% of Plaintiff's base salary ($185,000), or $74,000, after the close of the calendar year.

81. Defendants accelerated Plaintiff's termination of employment to avoid paying Plaintiff the bonus in accordance with the employment contract.

82. Plaintiff has been harmed by reason of Defendants' unlawful conduct, and she has suffered losses and damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that this Court enter judgment as follows:

1. An award of damages for back wages, lost salary, severance, bonus, employee benefits, and other lost compensation (plus interest on the total);

2. An award of damages for pain, suffering, emotional distress, and humiliation;

3. An award of liquidated damages equal to the sum of all of the damages and interest;

4. An award of statutory damages, if applicable;

5. An award of punitive damages where permitted by law;

6. Reinstatement to Plaintiff's job;

7. An award of attorneys' fees and costs of suit; and

8. Such other legal or equitable relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

**JARDIM MEISNER & SUSSER, P.C.**
Attorneys for Plaintiff
Christine Chansky

Dated: January 27, 2017        By: s/ Thomas C. Jardim
                                    THOMAS C. JARDIM

13